UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-22514-CIV-ALTMAN

MARLON J. GREEN,

    *Plaintiff,*

*v.*

JASON DUFFY, *et al.*,

    *Defendants.*

_____/

## ORDER

When a new action is filed, "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction[.]" *Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988). Marlon J. Green, our Plaintiff, is incarcerated at the Henry County Jail in McDonough, Georgia. Despite being imprisoned in Georgia, Green has filed a civil rights complaint under 42 U.S.C. § 1983 in our District. *See* Complaint [ECF No. 1]. But, as far as we can tell from his bizarre and rambling Complaint, Green is challenging his (ongoing) prosecution in Henry County for the alleged aggravated stalking of his ex-wife. *See id.* at 2 ("Jason Duffy and Chief Ken Noble knowingly processed false, fictitious, fraudulent, and malicious documents wich [sic] had Marlon Green charged and prosecuted falsely[.]"); *see also* Criminal Arrest Warrant Application [ECF No. 1-1] at 1 (charging Green with "the offense of [GA. CODE ANN. § 16-5-91]—Aggravated Stalking when Mr. Green called his ex-wife . . . and left a vulgar voicemail message"). Since Green hasn't established any nexus between his allegations and this District (let alone the State of Florida), we now transfer his case to the Northern District of Georgia.

\*\*\*

Venue over a civil action in federal court is governed by the strictures of 28 U.S.C. § 1391, which provides that:

A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Sometimes, "venue will be proper in more than one district. Only the events that directly give rise to a claim are relevant. Events that lack a close nexus with the cause of action are irrelevant." *Kapordelis v. Danzig*, 387 F. App'x 905, 906 (11th Cir. 2010).

We'll begin our venue analysis by looking at the parties—with a particular focus on *where* the Defendants reside. Green, as we've already mentioned, lives at the Henry County Jail in McDonough, Georgia. Henry County is located within the Northern District of Georgia. *See* 28 U.S.C. § 90(a)(2). Determining *who* our Defendants are, however, is not so simple. The Complaint discusses a wide cast of characters (individuals and entities) against whom Green may (or may not) be asserting claims. *See* Complaint at 4 (referencing, among others, "Facebook," "Microsoft, LLC," the mayor of New Orleans, the New Orleans Saints football team, "Tyler Perry Studios," and Steve Harvey). One thing the Complaint *is* clear about, though, is that Green is suing the following six people: Police Chief Ken Noble, Sgt. Jason Duffy, Clerk Chelsea Napolean, Doug Welboure, Lyle Cayce, and William M. Blevins. *See id.* at 1–2. We'll thus assume that these six are our Defendants.

According to Green, both Noble and Duffy are police officers from McDonough, Georgia— and, therefore, likewise reside in the Northern District of Georgia. *See id.* at 1 (listing Noble and

Duffy's address as "50 Lawrenceville Street, McDonough, GA 30253"). But Green doesn't tell us where Napolean, Welboure, Cayce, or Blevins reside.[1] In other words, two of the Defendants (and the Plaintiff) live in the Northern District of Georgia. And none of the Defendants—so far as we can tell—has any connection to the Southern District of Florida. We thus have no reason to believe that the Defendants' *residence* supports Green's view that our District is a proper venue for this case.

Nor does the doctrine of "transactional venue," 28 U.S.C. § 1391(b)(2), support Green's choice of venue. Under § 1391(b)(2), venue is only proper in "the places where the [relevant] events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). The Complaint claims that Green was "charged and prosecuted falsely, [and] kidnapped across state lines on false accusations." Complaint at 2. In other words, the Complaint lists only two "relevant" locations: the place where Green was arrested and the place where he's being prosecuted. *See Kapordelis*, 387 F. App'x at 906 ("Only the events that directly give rise to a claim are relevant. Events that lack a close nexus with the cause of action are irrelevant."). Green was apparently arrested at his home in New Orleans, Louisiana, *see* Criminal Warrant [ECF No. 1-1] at 2 (listing Green's address), and he's being charged in Henry County, Georgia, *see* Complaint at 1–2. Again, then, Green doesn't describe any event that occurred

---

[1] We note that all four of these individuals *appear* to be clerks of court with connections to Louisiana. A person named "Chelsey Richard Napoleon" is the Clerk of the Civil District Court for the Parish of Orleans. *Chelsey Richard Napoleon*, Clerk of Civil District Court for the Parish of Orleans (last visited Aug. 10, 2022), http://www.orleanscivilclerk.com. "Doug Welborn" is the Clerk of Court for East Baton Rouge Parish. *Clerk of Court Doug Welborn*, East Baton Rouge Parish (last visited Aug. 10, 2022), https://ebrclerkofcourt.org/Meet-Doug. Lyle Cayce appears to be the Clerk of Court for the United States Court of Appeals for the Fifth Circuit. *Clerk's Office*, United States Court of Appeals for the Fifth Circuit (last visited Aug. 10, 2022), https://www.ca5.uscourts.gov/about-the-court/court-offices/clerks-office. And William M. Blevins was the former Clerk of Court for the United States District Court for the Eastern District of Louisiana. *William Blevins, Clerk of U.S. District Court Returned Home to Richmond, Virginia*, United States District Court for the Eastern District of Louisiana (Jan. 21, 2020), https://www.laed.uscourts.gov/news/william-blevins-clerk-us-district-court-returned-home-richmond-virginia-after-over-6-years. We won't formally take judicial notice of these facts, though, because we can't say for sure that these clerks are the Defendants Green has sued in his Complaint.

3

in Florida. And, since Green is complaining about his arrest and prosecution, the most appropriate venue seems to be the place where he's being prosecuted now: Henry County, Georgia. *See Birch|Rea Partners, Inc. v. Regent Bank*, 2018 WL 11247598, at *2 (S.D. Fla. Feb. 14, 2018) (Dimitrouleas, J.) ("Because the lawsuit underlying this action for malicious prosecution was filed in the Northern District of Indiana, that district is likely the most appropriate venue."); *Bledsoe v. King*, 2014 WL 670708, at *2 (S.D. Ala. Feb. 21, 2014) (Steele, C.J.) ("Plaintiff is claiming false statement and false arrest in connection with his incarceration in Elmore, Alabama . . . . The Court further observes that Elmore County falls within the Middle District of Alabama. Accordingly, pursuant to 28 U.S.C. § 1391(b), the proper venue for this action is the Middle District of Alabama."). Either way, though, our District cannot be the right venue for this case.[2]

Having concluded that the Southern District of Florida is not the proper venue, we must decide what to do with the case: dismiss it or transfer it to the Northern District of Georgia. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The U.S. Supreme Court has indicated a preference for transfer—over dismissal—because transfers more efficiently advance "[the] expeditious and orderly adjudication of cases and controversies." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962).[3]

---

[2] In his Complaint, Green says that his claims may "negatively affect VA Medical Center in Miami, Florida, FBI and 17th Judicial Court Ft. Lauderdale, FL, and Operation Sacred Trust Advocates of Law including Broward County Legal Aid, Coast to Coast Legal in Broward County[.]" Complaint at 1 (errors in original). This is the Complaint's only connection to our District. But none of these Florida entities appear to be defendants in the case, and Green never explains *how* these entities might have *any* relationship to his claims. We, in short, don't believe that this one-off sentence—buried between Green's labyrinthine account of an illegal prosecution in Georgia—is sufficient to establish venue in our District.

[3] The Eleventh Circuit seems to disfavor *sua sponte* venue dismissals unless the district court gives all parties "an opportunity to present arguments as to why venue is proper *before* the case is dismissed." *Algodonera de las Cabezas, S.A. v. Am. Suisse Cap., Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005) (emphasis in original). Since we aren't *dismissing* this case, the parties will have a chance to contest venue when they get to the Northern District of Georgia.

Since most of our named parties live in Henry County, Georgia—and given that all (or almost all) of the underlying events are occurring in Henry County, Georgia—we now transfer this case to the Northern District of Georgia.

***

Accordingly, we hereby **ORDER AND ADJUDGE** that the Clerk shall **TRANSFER** this case to the United States District Court for the Northern District of Georgia, Atlanta Division. All pending motions are **DENIED as moot**. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 10th day of August 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Marlon J. Green, *pro se*